UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

OSCAR EDWARD DELISLE,

    Plaintiff,

    v.                                        Case No. 23-C-1541

BRIAN EICHE, et al.,

    Defendants.

---

## DECISION AND ORDER

---

    Plaintiff Oscar Edward DeLisle is representing himself in this 42 U.S.C. §1983 case. The Court screened the complaint on January 25, 2024, and allowed DeLisle to proceed on a claim based on allegations that Defendants ignored his threats and actions of self-harm. Dkt. No. 10. On June 20, 2024, DeLisle filed a motion to appoint counsel. He states that he contacted five lawyers and asked them to represent him, but none have responded. He also highlights that he was deemed incompetent by the State of Wisconsin in 2011, at which time his mother was given guardianship over his person and estate.

    In a civil case, the Court has discretion to recruit a lawyer for individuals who cannot afford to hire one. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. §1915(e)(1); *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866-67 (7th Cir. 2013). "[D]eciding whether to recruit counsel 'is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.'" *Henderson v. Ghosh*, 755 F.3d 559, 564 (7th Cir. 2014) (quoting *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014)). Accordingly, in exercising its discretion, the Court must consider two things: "(1) 'has the indigent plaintiff made a reasonable attempt to obtain counsel or been

effectively precluded from doing so,' and (2) 'given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021) (quoting *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007)).

It appears that DeLisle has satisfied the first prong of the standard. Nevertheless, the Court will deny his motion because he appears capable of representing himself at this stage of the case. When considering whether a plaintiff has the capacity to represent himself, the Court "must consider the plaintiff's literacy, communication skills, education level, litigation experience, intellectual capacity, psychological history, physical limitations and any other characteristics that may limit the plaintiff's ability to litigate the case." *Pennewell v. Parish*, 923 F.3d 486, 491 (7th Cir. 2019).

DeLisle first highlights a 2011 order in the Oneida Circuit Court in which his mother was appointed guardian of the person as support for his assertion that he lacks the capacity to represent himself. But the fact that DeLisle's mother was granted guardianship more than a decade ago is insufficient on its own to establish that DeLisle cannot represent himself in this case. First, it is unclear whether this order is still in effect. According to the Wisconsin Circuit Court Access website, *see* https://www.wicourts.gov/casesearch.htm, since 2013, DeLisle has been convicted of criminal conduct in seven different cases. *See* Case No. 2013CF0610 (Marathon County), 2013CF0089 (Price County), 2014CF0008 (Oneida County), 2014CF0009 (Oneida County), 2014CF0811 (Marathon County), 2019CF0086 (Dodge County), and 2022CF0323 (Oneida County). In none of those cases was DeLisle's competency raised, let alone at issue. Further, in a paternity case, the Marathon County Circuit Court entered an order August 1, 2022, specifically affirming DeLisle's competency. *See* Case No. 2015PA0092PJ (Marathon County).

Next, nothing in DeLisle's complaint or motion to appoint counsel suggests that he is unable to advocate for himself at this stage of the case. DeLisle's claims are straightforward and

2

will largely turn on his recollection of his interactions with Defendants, including what he said about his intentions to harm himself and how they responded to him. The Court reminds DeLisle that summary judgment rises or falls on whether there is a genuine dispute of material fact. The Court is familiar with the law and does not require DeLisle to explain the legal basis of his claim so much as to indicate which facts asserted by Defendants are in dispute. DeLisle's complaint was detailed and organized, suggesting that he understands his claim and is able to present the material facts of his case without the assistance of counsel.

In short, the Court will deny DeLisle's motion to appoint counsel because he appears capable of representing himself through discovery and the briefing of summary judgment. If new challenges arise that DeLisle does not believe he can overcome on his own, he may renew his motion. If he does so, he should be specific about the challenges he faces and the efforts he has made to overcome them. To the extent DeLisle has questions about how his case will proceed, he is *encouraged to review the guide the Court sent along with the screening order*. It contains information, including a glossary of legal terms, that DeLisle may find helpful.

**IT IS THEREFORE ORDERED** that DeLisle's motion to appoint counsel (Dkt. No. 15) is **DENIED without prejudice**.

Dated at Green Bay, Wisconsin this 16th day of July, 2024.

s/ William C. Griesbach
William C. Griesbach
United States District Judge